## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| FIRSTENERGY GENERATION CORP., | ) ) ) | |
| Plaintiff/Counterclaim-Defendant, | ) ) | Civil Action No. 14-560 |
| v. | ) ) | Judge Cathy Bissoon |
| INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS, LOCAL UNION 272, AFL-CIO, | ) ) ) ) | |
| Defendant/Counterclaim-Plaintiff. | ) ) ) | |

## ORDER

For the reasons that follow, Firstenergy's ("the Company's") Motion for Summary

Judgment (Doc. 13) will be denied, and IBEW's ("the Union's") Motion for Summary Judgment

(Doc. 10) will be granted.

This is an appeal from an arbitration decision regarding a grievance filed under the

parties' CBA. The arbitration addressed whether the CBA allowed the Company to substitute

one safety handbook for another. The safety manual referenced in the CBA is the

"Red Handbook," and the manual the Company wished to replace it with is the

"Green Handbook." In relevant part, the CBA states:

> The Company and the Union agree to cooperate in maintaining safe work
> practices. In furtherance of this undertaking, it is agreed that the parties will
> comply with the rules set forth in the [Red] Handbook. Any claim or alleged
> violation of the rules contained in the [Red] Handbook by either the Company or
> an employee represented by the Union shall be subject to the grievance procedure
> [in] this agreement.

CBA Art. XVI, § 3 (filed under Doc. 1-2 at pg. 31 of 62). In relevant part, the grievance

provisions state:

> A grievance is defined as any complaint or dispute that may arise between the
> Company, the Union or bargaining unit employee(s) as to the meaning,
> application or claimed violation of the terms of this Agreement.
>
> . . . .
>
> If the grievance is not settled under [preliminary administrative remedies],
> either party may submit the grievance to arbitration . . . . The arbitrator shall have
> no power to change, add to, or subtract from any of the provisions of this
> Agreement. His [or her] function shall be limited to the interpretation and
> application of this Agreement as written.

*Id.* at Art. VIII, §§ 1-2.

The Union filed a grievance after the Employer proposed/attempted to replace the

Red Handbook with the Green one. *See* Compl. (Doc. 1) at ¶ 8. The arbitrator issued an award

confirming that the Red Handbook controlled, and indicating that any substitution of the

handbook would require bargaining. *See* Award (filed under Doc. 1-4) at 10.

The Company takes the position that the arbitrator exceeded the scope of his authority,

which was limited to interpreting the CBA. *See generally* Company's Br. (Doc. 14); *see also,*

*e.g., id.* at 9 (arguing that, in defining relevant issue as whether Company had "unilateral right to

replace the safety handbook," arbitrator exceeded his authority). The Court disagrees.

The arbitrator interpreted unambiguous terms of the CBA establishing, unequivocally, that the

Red Handbook controlled. *See* CBA provisions cited *supra*. The arbitrator's statements that the

Company could not unilaterally replace the handbook, and that doing so would require collective

bargaining, are logical, and necessary, implications flowing from his interpretation of the CBA.

Indeed, at arbitration, the Company made arguments whose resolutions begged the very type of

conclusions regarding which it now complains. *See* Award at 8-9 (rejecting Company's

2

argument that omission from CBA of language appearing in prior version, which indicated that changes to handbook could be made by "mutual agreement," purportedly revealed parties' intention to allow Company to make unilateral changes). As the arbitrator correctly discerned, the Company's arguments were unconvincing given the clear and unambiguous language of the agreement. In any event, the arbitrator's decision unquestionably "dr[ew] its essence from the CBA," and the Company's position is untenable. *See* Akers Nat'l Roll Co. v. United Steel, Paper & Forestry, Rubber, Mfg., Energy, Allied Indus. & Serv. Workers Int'l Union, 712 F.3d 155, 160-61 (3d Cir. 2013).[1]

Finally, even assuming the arbitrator somehow overstepped, the principles in Five Star Parking v. Union Local 723 provide a safety-valve to overcome the Company's challenges. *See id.*, 246 Fed. Appx. 135, 139-40 (3d Cir. Jul. 24, 2007) (for purposes of efficiency and economy, "an arbitrator may at times hear issues pertaining to unfair labor practices," so long as "the arbitrator decides [the] NLRA issues in addition to issues of contract interpretation") (citation to quoted source omitted).[2]

---

[1] To be sure, whether or not this Court agrees with the arbitrator's decision is immaterial. *See id.* at 161 ("[a] court may not overrule an arbitrator simply because it disagrees with [his] construction of the contract") (citation to quoted source omitted). It suffices to say that the arbitrator's decision *easily* withstands the Court's limited scope of review. *See generally* Int'l Union of Operating Eng'rs Local 66A, B, C, D, O & R v. Heckett Multiserv, 2004 WL 1490426, *6 (W.D. Pa. Jun. 30, 2004) (collecting legal standards regarding Court's modest review, including principles that, "if an arbitrator is even arguably construing or applying the contract and acting within the scope of his authority, the fact that a court is convinced he committed serious error does not suffice to overturn his decision," and that, "improvident, even silly, factfinding does not provide a basis for . . . refus[ing] to enforce the award") (citation to quoted sources omitted).

[2] The Company's acknowledgement of Five Star Parking demonstrates its sensitivity regarding the duty of candor with the Court. *See* Company's Br. (Doc. 14) at 10-11 (noting decision and attempting, unsuccessfully, to distinguish it). In small part, this weighs against a grant of fees and costs in favor of the Union. *See* discussion in text, immediately *infra*.

A final matter is the Union's request for an award of costs and fees. *See* Union's Br. (Doc. 11) at 7-8. The Union has not separately moved for such an award, nor has it submitted billing statements or other documentation in support of its request. Although the Company's legal positions arguably flirt with the line,[3] the Union's requests are insufficient and the Court will not invite further submissions. Although the Court declines to award fees and costs, the Company and its counsel should, in future contexts, proceed with caution.

For all of the reasons stated above, the Company's Motion for Summary Judgment (**Doc. 13**) is **DENIED**, and the Union's Motion (**Doc. 10**) is **GRANTED**. The Court, having thus resolved all matters before it, will enter an Order under Federal Rule 58 and mark this case closed.

IT IS SO ORDERED.


March 16, 2015                                        s\Cathy Bissoon_____
                                                     Cathy Bissoon
                                                     United States District Judge

cc (via ECF email notification):

All counsel of record

---

[3] *See* Wilkes Barre Hosp. Co., LLC v. Wyoming Valley Nurses Ass'n Pasnap, 453 Fed. Appx. 258, 261 (3d Cir. Dec. 1, 2011) (fees awarded only if party resisting arbitration award "acted without justification," or "did not have a reasonable chance to prevail") (citation to quoted sources omitted).